IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH CHURCH, ) | CASE NO:    1:10-cv-1399 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | NANCY A. VECCHIARELLI |
| CITY OF CLEVELAND *et al.*, ) | |
| ) | **REPORT & RECOMMENDATION** |
| Defendants. ) | Doc. No. 5 |

This case is before the undersigned United States Magistrate Judge pursuant to referral under Local Rule 72.2(b).  (Doc. No. 13.)  Plaintiff, Joseph Church ("Church"), is suing Defendants, the City of Cleveland ("the City") and Sergeant Mishic ("Mishic"), for conversion of his personal property and violation of his Civil Rights.  Defendants move for partial dismissal of Church's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted.  (Doc. No. 5.)  Church opposes Defendants' Motion.  (Doc. No. 7.)  For the following reasons, Defendants' Motion for Partial Dismissal of Complaint should be GRANTED in part and DENIED in part.

**I.**

When ruling on a motion to dismiss, a court regards all well-pleaded allegations

in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Court need not accept as true, however, legal conclusions couched as factual allegations or unwarranted factual inferences.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Lewis v. ABC Bus. Servs.*, 135 F.3d 389, 405 (6th Cir. 1998).  Church has pleaded the following facts.

On July 13, 2008, Cleveland Police arrived at Church's residence in response to a reported dispute.  Church does not fully explain the circumstances surrounding the incident, but it appears that Church held a valid Concealed Carry License and possessed a Glock pistol.  Church gave the firearm to the police upon request and the police kept it for investigation.  It further appears that Church was charged with a crime; however, he explains that he was never arraigned or brought before a judge, and that his case was nolled.

In September 2008, the Detective in charge of the investigation involving Church's Glock finished his investigation and released the gun by sending a release to the Cleveland Police Property Division.  Church went to the Property Division to receive his gun.  Church met Sergeant Mishic, and Mishic informed Church that the police department was still performing an investigation involving the gun.  Mishic then asked Church to provide an original receipt as proof of his ownership of the gun, as well as proof of Church's identification and registration.  Church informed Mishic that the Cleveland Police Detective Bureau had just completed its investigation involving the gun, and that the police department was required to return it without conditions.  Despite Church's multiple demands to Mishic and the police department to return his gun, Mishic refused to return it.

On May 14, 2010, Church filed his Complaint *pro se*[1] in the Cuyahoga County Court of Common Pleas pursuant to Ohio Revised Code § 2923.163(B) and 42 U.S.C. § 1983 alleging that Defendants converted his gun, that they deprived him of his property without due process under the Fifth and Fourteenth Amendments to the United States Constitution, and that they deprived him of his "rights to carry a weapon" under the Second Amendment to the United States Constitution. On June 23, 2010, Defendants removed this case from state court to federal court. (Doc. No. 1.)

Defendants now seek to dismiss the Count One conversion claims against the City and Mishic because they are statutorily immune from liability, and, alternatively, that the Complaint fails to state a claim for which relief against the City and/or the Chief of Cleveland Police, Michael McGrath ("McGrath"), can be granted. Defendants also seek to dismiss the Count Two § 1983 claim against the City because the City is not named in Count Two of the Complaint. Defendants further pray that costs related to their Motion be levied against Church.

In response, Church insists that he is not suing the City directly. Rather, he states that he is suing Mishic and McGrath as officers of the police department. (Pl.'s Br. Opp'n 3, 4.) Although the "City of Cleveland" is titled as a defendant, Church wrote "Chief Michael McGrath" and the address for Cleveland Police Department headquarters under the title "City of Cleveland." In a telephone conference with the parties, the Court asked Church to clearly identify the party he has intended to sue; however, after Church's explanation, his intent remains unclear. Church has not moved

---

[1] Church is a lawyer but is presently suspended from the practice of law in Ohio.

3

to amend his Complaint to clarify whom he has intended to sue.  Furthermore, his explanation in his pleadings fail to develop any cogent legal theory supporting the manner in which he has identified the defendants in this action.

## II.

When ruling on a motion to dismiss, a court construes the complaint in a light most favorable to the plaintiff, accepts all well-pleaded factual allegations as true, and determines whether the plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief.  *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).  To survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all the material elements of its claims to sustain a recovery under some viable legal theory.  *Id.*  Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.  *Id.*  A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action  is insufficient.  *Id.*  The factual allegations must be enough to raise a right to relief above the speculative level; that is, there must be "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Federal courts have long recognized that the pleadings of a *pro se* litigant must be construed liberally.  *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (holding a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"); *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992) ("[P]ro se pleadings should be construed more liberally than pleadings drafted by lawyers."). Here, Church is a lawyer, albeit presently suspended from practicing law; therefore, the

4

Court need not give him the benefits of liberal construction to which an untrained *pro se* litigant is entitled.

### A. McGrath's Status as a Party to This Case

Before addressing the merits of Church's claims against Defendants, the Court must first ascertain the identity of the defendants. Church explains in his Brief in Opposition that he "filed a two-count Complaint against the City of Cleveland Chief Michael McGrath, Division of Police and Sergeant Mishic," and that "Chief of Police, Michael McGrath and Sergeant Mishic are being sued as officers under Ohio Revised Code 2923.163(B)." (Pl.'s Br. Opp'n 3, 4.) Defendants reply that McGrath is not a named defendant in this case, indicated by a plain reading of the captions on the title of the Complaint and by reference to the Court's designation of the City as one of the defendants on the docket. Furthermore, the Complaint does not contain any allegations against McGrath. Upon reviewing the Complaint and considering Church's explanation of whom he has intended to sue, the Court concludes, for the reasons set forth below, that Church has not sued McGrath in his individual capacity, but has sued only the City and Mishic.

The fact that McGrath is named in one line of a caption in the title of the Complaint is not alone dispositive of McGrath's status as a party to this case. The caption of a complaint is not part of the statement of claims against any alleged defendants, but is chiefly for a court's administrative convenience for identifying the case. *See Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1024 n.4 (11th Cir. 2001) ("The caption is chiefly for the court's administrative convenience."); *Hoffman v. Halden*, 268 F.2d 280, 303-04 (9th Cir. 1959) (overruled in part on other grounds) ("[T]he caption of

5

an action is only the handle to identify it."). A court may look to the body of the complaint to determine the parties, in what capacity the defendants are being sued, and the nature of the claims asserted.  *See Indianapolis Life Ins. Co. v. Herman*, 516 F.3d 5, 10 (1st Cir. 2008); *In re Sunrise Sec. Litig.*, 916 F.2d 874, 882 (3d Cir. 1990); *Parker v. Graves*, 479 F.2d 335, 336 (5th Cir. 1973) (per curiam); *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002); *Williams v. Bradshaw*, 459 F.3d 846, 849 (8th Cir. 2006); *Hoffman*, 268 F.2d at 303-04; *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243-44 (10th Cir. 2007); *Lundgren v. McDaniel*, 814 F.2d 600, 604 n.2 (11th Cir. 1987).  A court may also look to subsequent proceedings in a given case to determine in what capacity the defendants are being sued.  *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)).

A review of the following indicates that McGrath is not an individual defendant in this case.  Although McGrath's name is written under the Complaint caption titled "City of Cleveland," McGrath is not named anywhere in the body of the Complaint.  And, although Church has named "City of Cleveland Chief Michael McGrath Division of Police, *et al.*" as the defendants in the caption of his Brief in Opposition, Church does not explain in his Brief how McGrath acted or failed to act to cause him injury.

The pleaded facts give rise to the inference only that Church wanted McGrath, as Chief of Police, to order Mishic, a subordinate, to return Church's gun.  An order from McGrath to Mishic to return Church's gun could only be made in McGrath's official capacity as Chief of Police.  *Cf. Trackwell*, 472 F.3d at 1244 (explaining that, when the Clerk of the Supreme Court of the United States was alleged to have repeatedly withheld from Justice Stephen Breyer an application challenging the constitutionality of

6

the Iraq War, the Clerk's transmission of the application to Justice Breyer could only be performed in the Clerk's official capacity).  A § 1983 claim against a city official in his or her official capacity is treated as an action against the City entity itself.  *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003).  Therefore, the only reasonable conclusion, based on the body of Church's Complaint and subsequent proceedings in this case, is that the City, not McGrath, is the intended defendant in this lawsuit along with Mishic.  *See, e.g.*, *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) ("If an action is brought against an official of a governmental entity in his official capacity only, the suit should be construed as brought against the governmental entity that employs that individual.").

### B. Count One Conversion Claims

Conversion is "the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights."  *Joyce v. General Motors Corp.*, 49 Ohio St. 3d 93, 96, 551 N.E.2d 172, 175 (1990).  Conversion is usually considered an intentional tort.  *See Price v. Austintown Local Sch. Dist. Bd. Of Educ.*, 178 Ohio App. 3d 256, 263, 897 N.E.2d 700, 705 (7th Dist. 2008).

Here, Church argues that Ohio law entitled Church to receive his gun from Mishic unconditionally upon Church's demand, and that Mishic committed conversion when he unlawfully deprived Church of his gun by refusing to return it.  Church also asserts a conversion claim against the City.  Defendants argue that both claims of conversion should be dismissed because the City and Mishic are statutorily immune from liability for intentional torts such as conversion.  For the reasons set forth below, Defendants'

7

Motion as it regards Church's conversion claim against the City should be granted; however, Defendants' Motion as it regards the conversion claim against Mishic should be denied.

### 1. The Conversion Claim Against the City

Ohio's Political Subdivision Tort Liability Act, as codified in Chapter 2744 of the Ohio Revised Code, generally absolves political subdivisions of tort liability, subject to certain exceptions. *Cater v. City of Cleveland*, 83 Ohio St. 3d 24, 28, 697 N.E.2d 610, 615 (1998); Ohio Rev. Code § 2744.02 *et seq*. A three-step analysis is used to determine whether a political subdivision is immune to civil liability. *Hubbard v. Canton City Sch. Bd. Of Educ.*, 97 Ohio St. 3d 451, 453, 780 N.E.2d 543, 546 (2002). In the first step, a political subdivision is deemed immune to civil liability for acts or omissions of the political subdivision or its employees performed in relation to a governmental or proprietary function that cause injury, death, or loss to person or property. *Id.*, 780 N.E.2d at 546; § 2744.02(A)(1). In the second step, the political subdivision's immunity may be abrogated if one of five exceptions to immunity is satisfied. *Hubbard*, 97 Ohio St. 3d at 453, 780 N.E.2d at 546; § 2744.02(B). In the third step, a political subdivision's immunity may be reinstated if one of several defenses is established. *Cater*, 83 Ohio St. 3d at 28, 697 N.E.2d at 615; § 2744.03.

Here, the City is immune to Church's conversion claim at the first step of the immunity analysis because the City is a political subdivision, s*ee Williams v. McFarland Props., LLC*, 177 Ohio App. 3d 490, 494, 895 N.E.2d 208, 211 (12th Dist. 2008), and police services are considered governmental functions, s*ee McCloud v. Nimmer*, 72 Ohio App. 3d 533, 538, 595 N.E. 2d 492, 495 (8th Dist. 1991). *See also Hubbard*, 97

8

Ohio St. 3d at 453, 780 N.E.2d at 546 ("It is undisputed that the board meets the first step of the analysis and qualifies for general immunity because R.C. 2744.01(F) declares public school districts to be political subdivisions and R.C. 2744.01(C)(2)(c) states that the provision of a system of public education is a governmental function.").

The City's immunity to Church's conversion claim is not abrogated in the second step of the immunity analysis. At the second step, a political subdivision may be liable in tort only for certain negligent acts or omissions committed by itself or its employees, or when another section of the Ohio Revised Code expressly imposes civil liability on it. Ohio Rev. Code § 2744.02(B)(1)-(5). Therefore, political subdivisions are immune to liability for intentional torts. *See, e.g.*, *Williams*, 177 Ohio App. 3d at 494, 895 N.E.2d at 211 (collecting cases); *accord Kohler v. City of Wapakoneta*, 381 F. Supp. 2d 692, 700 (N.D. Ohio 2005).

Conversion is an intentional tort.[2] *Price*, 178 Ohio App. 3d at 262, 897 N.E.2d at 705. Therefore, the City is immune from Church's conversion claim unless the City is expressly liable under another section of the Ohio Revised Code. *See Williams*, 177 Ohio App. 3d at 494, 895 N.E.2d at 211; Ohio Rev. Code § 2744.02(B)(5). Church cites Ohio Revised Code § 2923.163(B) as a source of express civil liability for the failure to properly return a firearm to its owner, but a plain reading of the statute indicates that it

---

[2] If a tort that is typically considered "intentional" can be committed negligently (e.g., defamation), allegations of such a tort may be sufficient to satisfy one of the negligence-based exceptions to immunity under Ohio Revised Code § 2744.02(B)(1)-(4). *Price*, 178 Ohio App. 3d at 704-05, 897 N.E.2d at 262. Here, Church has not pleaded any facts suggesting the City acted negligently to deprive him of his gun and, even if he had, such allegations of negligence would not be of the kind sufficient to satisfy one of the negligence-based exceptions in § 2744.02(B)(1)-(4).

9

does not expressly impose liability on a political subdivision.[3] The statute is titled "Surrender and return of firearm." Ohio Rev. Code § 2923.163. It expressly provides only that a court shall award costs and attorney fees to a claimant in addition to any other relief when a law enforcement officer fails to properly return a firearm to the claimant, and only after a court orders the law enforcement officer to return the firearm. *See id.* This statute does not expressly impose civil liability on the City for failure to return a firearm.

Because the City is immune to liability for intentional torts, and because Church has failed to indicate another section of the Ohio Revised Code that expressly imposes civil liability on the City, the City is immune to Church's conversion claim. Therefore, Defendants' Motion as it regards Church's conversion claim against the City should be

---

[3] Ohio Revised Code § 2923.163 provides the following:

> If a law enforcement officer stops a person for any law enforcement purpose and the person voluntarily or pursuant to a request or demand of the officer surrenders a firearm to the officer . . . or if a law enforcement officer otherwise seizes a firearm from a person, all of the following apply:
>
> . . .
>
> (B) If the law enforcement officer does not return the firearm to the person at the termination of the stop or otherwise promptly return the firearm to the person after the seizure of the firearm, if a court finds that a law enforcement officer failed to return the firearm to the person after the person has demanded the return of the firearm from the officer, and if the court orders a law enforcement officer to return the firearm to the person, in addition to any other relief ordered, the court also shall award reasonable costs and attorney's fees to the person who sought the order to return the firearm.

10

granted.

## 2. The Conversion Claim Against Mishic

In a civil action brought against an employee of a political subdivision to recover damages for loss to property allegedly caused by any act or omission in connection with a governmental or proprietary function, the employee is immune to liability unless one of three exceptions are met:  (1) the employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (2) the employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or (3) when civil liability is expressly imposed by a section of the Ohio Revised Code.  Ohio Rev. Code § 2744.03(A)(6).  Mishic is subject to this statutory immunity because, as a police officer, he is an employee of a political subdivision, and because police services are considered governmental functions.  *See McCloud*, 72 Ohio App. 3d at 538, 595 N.E. 2d at 495.

Mishic's statutory immunity to Church's conversion claim is not abrogated by the first exception because Mishic was acting within the scope of his employment and official responsibilities at the Property Division when he refused to return Church's gun.  Church argues, however, that Mishic's immunity is abrogated by the third exception.  Church argues that § 2923.163(B) of the Ohio Revised Code expressly imposes civil liability on law enforcement officers who fail to properly return a firearm to its owner.  A plain reading of § 2923.163(B), however, indicates that it does not expressly impose civil liability on law enforcement officers who fail to properly return a firearm to its owner.  As discussed above, the statute expressly provides only that a court may award costs and attorney fees in addition to any other relief ordered if it finds that an officer failed to

11

properly return a claimant's gun, and only after the court orders the officer to return the gun.  *See* Ohio Rev. Code § 2923.163(B).

Mishic's statutory immunity is abrogated, however, under the second exception because Church has pleaded that Mishic refused to return Church's gun willfully, wantonly, and maliciously.  (Compl. 2.)  In reviewing Defendants' Motion to Dismiss, this allegation must be taken as true.  *See Erickson*, 551 U.S. at 94.  As such, Church has pleaded enough facts to satisfy the second exception to a municipal employee's statutory immunity and, therefore, make his conversion claim against Mishic plausible on its face.  *See Armstrong v. U.S. Bank*, No. C-1-02-701, 2005 U.S. Dist. LEXIS 39186, at *26-27 (S.D. Ohio July 20, 2005) (finding that the plaintiff pleaded enough facts in his complaint to meet the second exception to a political subdivision's employee's immunity under Ohio Revised Code § 2744.03(A)(6) to sustain his claim of assault and battery against several law enforcement officers when he pleaded that the officers acted "without justification" to cause or attempt to cause the plaintiff physical harm).  Therefore, Defendants' Motion as it regards Church's conversion claim against Mishic should be denied.

**C.  Count Two Civil Rights Claim Against the City Under 42 U.S.C. § 1983**

Defendants argue that Church's § 1983 claim against the City set forth in Count Two should be dismissed because the City is not a named defendant under that Count of the Complaint, and because Church fails to set forth sufficient allegations to make the claim plausible on its face.  For the following reasons, the Court agrees.

12

To prove a claim under 42 U.S.C. § 1983,[4] a plaintiff must establish (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that he was subjected to or caused to be subjected to this deprivation by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978). A municipality is not liable under § 1983 for an injury inflicted solely by its employees or agents; the doctrine of *respondeat superior* is inapplicable. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). "It is only when the execution of the government's policy or custom inflicts the injury that the municipality may be held liable under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

A local government's policy or custom "must be the moving force of the constitutional violation in order to establish the liability of a government body under § 1983." *Polk County v. Dodson*, 454 U.S. 312, 326 (1981). Furthermore, "proof of a single incident of unconstitutional activity is not sufficient to impose liability . . . unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

Here, Church alleges in Count Two only that Mishic deprived him of his

---

[4] 42 U.S.C. § 1983 provides the following:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

13

constitutional rights. (*See* Compl. 3.) Mishic's conduct, alone, is an insufficient basis for a § 1983 claim against the City. *Monell*, 436 U.S. at 691. Moreover, Church has made no allegations that the City, through one of its policies or customs, caused a deprivation of his constitutional rights. The absence of any allegations that a City policy or custom caused a deprivation of Church's constitutional rights makes the § 1983 claim against the City implausible. *See Bishop*, 520 F.3d at 519; *Twombly*, 550 U.S. at 570. Therefore, Defendants' Motion as it regards the § 1983 claim against the City should be granted.

### III. CONCLUSION

For the foregoing reasons, the defendants' Motion for Partial Dismissal of Complaint should be GRANTED in part and DENIED in part.

s/ *Nancy A. Vecchiarelli*
Nancy A. Vecchiarelli
U.S. MAGISTRATE JUDGE

Date: October 26, 2010

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of this notice. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).**